IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-142 |
| BRYAN COLLIER, ET AL. | § | |

### INITIAL REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff James Williams, a prisoner previously confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Bryan Collier, D. D. Dickerson, M. Touhami, and unidentified defendants.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

This Report and Recommendation concerns only the claims against Bryan Collier.

#### Factual Background

Plaintiff alleges he requested an Offender Protection Investigation in May of 2021, after his cellmate, a gang member, discovered the nature of Plaintiff's criminal offense. Plaintiff asserts he was attacked by his cellmate, but his requests to be transferred to another unit or to be assigned to protective custody were denied. Plaintiff claims he wrote a letter to the Ombudsman's Office, which was marked as received on May 1, 2021. Plaintiff alleges he was attacked again on May 15, 2021, by a member of the same gang. Again, Plaintiff's requests for protective custody or other protective

measures was denied. Plaintiff states that he was not transferred to another facility until after he was sexually assaulted on July 7, 2021.

## Standard of Review

The district court is required to review civil actions filed by prisoners against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The complaint, or any portion of the complaint, may be dismissed pursuant to 28 U.S.C. § 1915A(b) if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on a clearly meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need to contain detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

In order to state a cause of action under § 1983, Plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

Plaintiff does not allege that Defendant Collier was personally involved in the Offender Protection Investigation. Rather, Plaintiff contends that Defendant Collier was responsible for the alleged constitutional violations because he failed to properly train or supervise his employees. Although Plaintiff has not demonstrated that the defendant was personally involved, Plaintiff may state a claim against him by showing: (1) the defendant failed to train or supervise his subordinates;

3

(2) a causal link exists between the failure to train or supervise and the violation of plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). A single instance of lack of training or supervision is generally not sufficient to demonstrate deliberate indifference. *Id*.

Plaintiff has not alleged any facts in support of his conclusory assertion that the defendant's failure to train or supervise his employees caused the alleged constitutional violations. A defendant cannot be held liable based on general allegations that the injury could have been prevented if the employees had received better or additional training. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). Rather, the plaintiff must demonstrate, with specificity, how a particular training program is defective. *Id*. Plaintiff failed to meet this burden. Therefore, the claims that Defendant Collier failed to train or supervise his employees should be dismissed.

## Recommendation

Defendant Bryan Collier should be dismissed from this lawsuit.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

4

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 25th day of April, 2022.

_____
Zack Hawthorn
United States Magistrate Judge