IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-142 |
| D. D. DICKERSON, ET AL. | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff James Williams, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against D. D. Dickerson, M. Touhami, and unidentified Ombudsman Office employees.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Analysis

Plaintiff moved for default judgment against the defendants. Federal Rule of Civil Procedure 55 authorizes the entry of a default judgment against a party against whom a judgment for affirmative relief is sought when such party fails to plead or otherwise respond to the action. A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). The United States Court of Appeals for the Fifth Circuit generally favors resolving cases on the merits, but has found that considerations of social goals, justice, and expediency may warrant the exercise of the district court's discretion to grant a default judgment. *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576, 594

(5th Cir. 2014). Because the entry of judgment by default is a drastic remedy, it should be used only in extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

A necessary prerequisite to the entry of a default judgment is that the party against whom such a judgment is sought must have been served with process compelling the party to plead or otherwise respond to the action. In this case, Plaintiff has not provided proof of service, as required by Federal Rule of Civil Procedure 4(l)(1). Because there is no proof the defendants were served, the motion for default judgment should be denied.

## Recommendation

Plaintiff's motion for default judgment should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

    SIGNED this 28th day of September, 2022.

                                  Zack Hawthorn
                                  United States Magistrate Judge